IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL DOUGLAS VOELLER,<br><br>Defendant. | CR 19–22–BLG–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Michael Douglas Voeller's Unopposed Motion for Early Termination of Supervision. (Doc. 107.) The United States does not oppose. (*Id.* at 1–2.) United States Probation Officer Kendall Ridgeley does not oppose. (*Id.* at 2.) For the reasons below, the Court grants the Motion.

**Background**

On January 16, 2020, Defendant was sentenced for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Doc. 84.) The Court sentenced Defendant to 30 months of imprisonment, followed by five years of supervised release. (*Id.* at 2–3.) Defendant began serving his term of supervision on March 30, 2022. (Doc. 108 at 2.)

## Discussion

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant argues that his supervised release should be terminated because he has completed 34 months of his 60-month term and has maintained clear conduct. (Doc. 108 at 3.) While incarcerated, Defendant completed the Bureau of Prison's 40-hour substance abuse treatment program and has had no positive urinalysis tests since his release from prison. (*Id.*) Defendant currently lives with

2

his wife and children and has worked at Radius Recycling for almost two years. (*Id.*)

It is evident to the Court that Defendant is committed to his sobriety. The Court believes Defendant can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 107) is GRANTED. Michael Douglas Voeller's term of supervised release is TERMINATED as of the date of this Order.

DATED this 7th day of January, 2025.

_____
Dana L. Christensen, District Judge
United States District Court